## (November 10, 1969)

■ In the Matter of THOMAS CALABRESE et al., Respondents, v. W. KENNETH CHAVE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Appellants.— In a proceeding pursuant to article 78 of the CPLR to annul appellants' determination dated June 6, 1968, which denied petitioners' applications for a special use permit and for a waiver of off-street parking requirements with respect to their property, under the Building Zone Ordinance of the Town of Hempstead, the appeal is from a judgment of the Supreme Court, Nassau County, dated October 17, 1968, which granted the petition and adjudged that petitioners need not secure such special use permit and need not comply with the off-street parking requirements. Judgment reversed, on the law and the facts, appellants' determination confirmed and proceeding dismissed, with costs. Petitioners are, respectively, the owners and the tenant of a store located on Nassau Boulevard in the Town of Hempstead. They allege that a

restaurant with live music and entertainment has been operated on the premises by the previous owners and by the present tenant, successively, since about 1955, without objection by the local authorities. The area in which the premises are located is zoned as a business district. The specifically enumerated uses permitted in a business district under the zoning ordinance (which became effective in 1930) include a "restaurant" (Building Zone Ordinance of the Town of North Hempstead, art. 7, § X-1.8). That term is not defined in the ordinance beyond distinguishing it from a "diner" or "drive-in" type of operation. The ordinance also permits special uses which must be approved by the Board of Zoning Appeals. Among the enumerated uses which may be approved in a business district are: "Place of amusement or public assembly" and "Any use of the same general character as any of the uses expressly permitted in a business district". (id., art. 12, § Z-5.0, subd. c, items 6, 15). In January, 1968, the Town's Department of Buildings, characterizing the operation as a "cabaret", notified petitioners that they were required to have a special use permit (under the 1930 ordinance). Petitioners were also informed, on numerous occasions, that it was necessary that they obtain a waiver of the off-street parking requirements of the ordinance. Petitioners applied to the Department of Buildings for a "building permit" for a restaurant with live entertainment and for a waiver of off-street parking. The permit was denied on the ground that a special use permit was required and the waiver was also denied. Petitioners then applied to the Board of Zoning Appeals for a special use permit and for a waiver of off-street parking. No appeal was taken to the board from the determination of the Department of Buildings that a special use permit was necessary. In accordance with the ordinance a public hearing was held by the board on the applications. Testimony was given by the president of the tenant corporation as to the length of time the business had been in operation, almost 10 years by this tenant, and to the effect that it was a "tavern situation", with drinks and live entertainment. The entertainment, "rock and roll" music, is conducted on Friday and Saturday nights during the winter and five nights a week during the summer. On-site parking had never been available on the premises, but there are two public parking lots within 200 or 300 feet of the premises. A number of local residents testified that the operation had been a quiet, neighborhood bar until about 10 years theretofore, when it was expanded into a larger bar and discotheque. Since that time the bar has had an extremely disruptive effect on the surrounding residential area because it has attracted many young people who were noisy and rowdy. The music can be heard a block away. Profane language is used. Property is destroyed and garbage is thrown on lawns. Their testimony was that the cars used by the patrons caused a severe parking problem on the surrounding streets. The board denied both applications. Special Term, in granting the petition herein, held that the use was expressly permitted under the 1930 ordinance as a "restaurant", so that a special use permit as a place of public assembly was not required, and held that compliance with the off-street parking requirements of the ordinance with respect to places of public assembly was unnecessary. In our opinion, the question whether or not petitioners' use is expressly permitted is not in issue in this proceeding. Petitioners did not, as thy might have done under subdivision 2 of section 267 of the Town Law, appeal to the board from the determination of the Department of Buildings that a special use permit was necessary. Nor, as did the petitioner in *Matter of Colonial Sand & Stone Co.* v. *Johnston* (20 N Y 2d 964), relied upon by Special Term, did they raise the issue before the board. Under the circumstances, it was not incumbent upon the board to pass upon the question (*Matter of Nassau Blvd. Assoc. [Chave]*, N. Y. L. J., May 14, 1968, p. 18, col. 2).

Examination of the determination of the board as a whole indicates that the board considered only the question whether petitioners were entitled to a special use permit and did not decide whether it was actually necessary to obtain one. Significantly, no findings were made by the board as to a permit being necessary; nor does the record contain sufficient evidence upon which a determination concerning that could be based. Resolution of that question depends upon a construction of the term "restaurant" as employed in the ordinance, together with the ascertainment of the precise nature of the use in question (*Incorporated Vil. of Roslyn Estates* v. *Kim Jayne Rest. Corp.*, N. Y. L. J., Sept. 23, 1968, p. 16, col. 5, affd. 32 A D 2d 889). In ascertaining the nature of the business, such factors as the extent to which food is served on the premises, whether there is dancing on the premises, and whether an admission fee is charged, are significant. The testimony given at the hearing is inconclusive in this regard. The only question properly reviewable in this proceeding is whether petitioners are entitled to a special use permit. As to this issue we find that there is ample evidence in the record to sustain the determination of the board denying the application. Similarly, we find that the only question raised by petitioners and passed upon by the board in connection with off-street parking requirements was whether petitioners were entitled to a waiver of the requirements. The argument now raised by petitioners that the off-street parking requirements of the ordinance are inapplicable to their operation because their operation predated the enactment of that portion of the statute is not properly raised in this proceeding. The issues of whether petitioners' use of the premises is a specifically permitted one under the zoning ordinance and whether petitioners are required to comply with the off-street parking requirements of the ordinance have not been decided by us. Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.